[Civ. No. 9128.   Third Dist.   Feb. 18, 1957.]

MERCED COUNTY, Respondent, v. DEPARTMENT OF SOCIAL WELFARE et al., Appellants.

Edmund G. Brown, Attorney General, and Richard L. Mayers, Deputy Attorney General, for Appellants.

Willard B. Treadwell for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment directing that a peremptory writ of mandate issue commanding the Social Welfare Board to annul its decision ordering the Department of Social Welfare to withhold state and federal funds for assistance and administration of the Aid to Needy Children Program of Merced County.

The State Department of Social Welfare is required to supervise the administration of state aid to all persons receiving or eligible to receive state aid (Welf. & Inst. Code, § 113), and the department is required to "Establish rules and regulations not in conflict with law or the policies formulated by the board, defining and controlling the conditions under which State aid may be granted or refused" and "Terminate any grants in aid to any county if the laws providing such grants, *or the minimum standards prescribed by the board,* are not complied with by the county or its officers or employees." (Welf. & Inst. Code, § 114.) (Emphasis added.)

It is the object and purpose of the Legislature in providing aid to needy children to keep children in their own homes wherever possible. (Welf. & Inst. Code, § 1503.) The state board is required to make rules and regulations for the proper maintenance and care of needy children and for the administration of aid to needy children. Such rules and regulations are binding upon the counties. (Welf. & Inst. Code, § 1560.)

To aid each state in furnishing financial assistance to needy dependent children the United States provides funds to each state. To receive these funds each state must submit, and have approved by the federal administrator, a state-wide plan for aid for needy children. (42 U.S.C.A. § 601.) The state plan must provide that it shall be in effect in all political subdivisions of the state. (42 U.S.C.A. § 602.) It must be applied uniformly throughout the state. Federal participation is available through assistance payments made on the basis of the need of the individual. This basis may include consideration of needy persons living in the same home with the recipient when such other persons are within the state's policy as essential to his well being. (Department of Health Education and Welfare, Handbook of Public Assistance Administration, part IV, § 3132.)

California has provided legislation coordinated with the federal program. (Welf. & Inst. Code, § 1500 et seq.) As stated, the Department of Social Welfare has power to make rules and regulations for the proper maintenance and care of needy children. If a county refuses to comply with the

rules, state aid may be cut off. (§ 1560.) By rule, the Department of Social Welfare has required that, in determining the needs of those children eligible for aid who are living in family groups, the family budget, which is the basis for determining the child's need, shall include the needs of certain ineligible children, 16 to 21 years of age. (Department of Social Welfare Manual, Aid to Needy Children, rule C-503.) Specifically, the rule provides that each needy ineligible child 16 to 21 years of age who is not disqualified for other reasons, and who is attending school regularly, or is disabled, or is employed and contributing to the family, shall be included in the family budget unit. Merced County contended that the effect of this provision is to increase the amount of aid that might be given to a needy child, and refused to comply with the order insofar as it applied to persons over 18. An order withholding state and federal funds was issued to force the county to comply. The county sought and was granted a writ of mandate to prevent enforcement of this order.

The sole question presented is whether rule C-503 is one within the power of the department to promulgate or whether the rule is in conflict with certain statutory provisions. In the trial court the county contended that the rule was in conflict with section 1500 of the Welfare and Institutions Code, which defines a needy child as a child under the age of 18 who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent. Section 1522 specifically provides that no child over 18 is a needy child within the meaning of legislative use of that term. It is clear that under these provisions no child over the age of 18 could receive assistance under the Aid to Needy Children Program. If the rule, as promulgated, contravenes the statute, it must fall. But the rule does not give direct aid to any person except a needy child. It merely requires that in determining the aid to be given to a needy child, the needs of those ineligibles who are members of the family group in the home of which the eligible child resides shall be taken into consideration. One of the objects of this legislation is to keep needy children in their family group wherever possible. (§ 1503.) The legislation is to be liberally construed. (§ 1507.) The family group cannot be limited to those who are eligible for aid. It must, by definition, include persons who may not be eligible for aid. If a child who is

eligible for aid resides with a parent and brothers and sisters who are ineligible for aid, the needs of the child in dollar amounts can only be determined after considering the needs of the family. If their needs are eliminated, then the needs of the child are not determined realistically, for the needs of the child are bound to vary depending upon the financial condition of the family. The legislative objective being to keep needy children in their homes, the needs of the family group may be considered in determining the needs of the child. If the needs of the child are measured in isolation, this objective would probably be defeated. Including such ineligibles in the family budget does not mean that a person over the age of 18 is receiving aid in contravention of the statute, notwithstanding he may benefit by the maintenance of the family home.

It is this court's conclusion that rule C-503 is not in contravention of any statutory provision, and that the fact that an ineligible child may indirectly benefit by its application does not make the rule void. This is social legislation which is to be liberally construed to achieve its objectives. We hold that rule C-503 is within the spirit of the legislation, does not conflict with it, and is therefore within the power of the department to promulgate.

Respondent has relied on *Department of Social Welfare* v. *Kern County,* 29 Cal.2d 873 [180 P.2d 1], but as we read that case it held that the state could not compel a county to increase the aid to needy children beyond the maximum amount as stated in the statute establishing the maximum aid payable. Rule C-503 does not compel the county to pay in excess of the statutory maximum amount, so we do not consider the case as authority for the proposition that, in considering the needs of the child, the state may not compel the counties to consider the needs of certain ineligibles who are part of the eligible child's family.

The judgment is reversed.

Peek, J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 17, 1957.